Dear Mr. Charron:
You have asked this office to advise whether the provisions of the Dual Officeholding and Dual Employment Law, R.S. 42:61 et seq., prohibit you from holding full-time state employment with the Louisiana Department of Transportation and Development and entering into a professional services contracts with parish and municipal governing authorities. Your work under these contracts would be performed in off-duty hours from your state employment.
This office has consistently held that if a position is one of "contract" rather that "employment" as defined by R.S. 42:62(3)[1], the provisions of the dual officeholding and dual employment laws, R.S.42:61, et seq., are not implicated. See Opinions 88-653 and 80-413, copies attached.
Note that state employees are prohibited from entering into consulting or professional services contracts with state executive branch agencies. See R.S. 39:1498(4)[2] and Opinion 99-5, copy attached.
If you are a state classified employee, state civil service rules and regulations should be reviewed to ensure that the simultaneous holding of the positions discussed is not prohibited. For further clarification regarding this issue, please contact Mr. Robert Boland, General Counsel, Louisiana Department of State Civil Service, P.O. Box 94111, Capitol Station, Baton Rouge, LA 70804, phone 225-342-8272.
Finally, any questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777. *Page 2 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(3) states:
(3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[2] R.S. 39:1498(4) states:
(4) No current state employee will engage in the performance of the proposed contract except as provided for in R.S. 39:1498.2.
 * * *
R.S. 39:1498.2 states:
1498.2. Professional, personal, and consulting service contracts with state employees
A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulations adopted by the office of contractual review. No such faculty member, except those who are also employed by private firms, may contract for the design or redesign of a state-owned facility in which the services of a professional architect or engineer, or both, are required.
B. Additionally, each professional, personal, consulting, and social service agreement between a governmental body as defined in R.S.39:1484(11) and a faculty member of any state college or state university shall be subject to the policies and procedures promulgated by each respective state college and university and the management boards having authority over the respective institution of higher education in which the faculty member is a member and the Board of Regents. Notwithstanding any other provision of law, each such agreement shall be subject to the written approval of the president of the college or university which employs the faculty member, and written notification of agreement and approval shall be given to the appropriate management board.
C. The list of occupations exempted in this Section from the provision of R.S. 39:1498(4) may be increased by rules adopted by the office of contractual review.
D. Notwithstanding any other provisions of law to the contrary, the Louisiana School for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the school to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid. *Page 3 
E. Notwithstanding any other provisions of law to the contrary, the Louisiana Commission for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the commission to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid; however, such contract is authorized only if a person who is not an employee of the commission is unavailable for such services. *Page 1 
December 29 1988
OPINION NUMBER 88-653
78 DUAL OFFICEHOLDING
R.S. 42:63
Member Of the Legislature who enters into a contract, with a subsidiary agency of a local governing body, to perform consulting and managerial services does not violate dual Officeholding Law.
 Honorable Irma M. Dixon State Representative Post Office Box 4070 New Orleans, Louisiana 70178-4070
Dear Ms. Dixon:
In your letter dated December 6, 1988, you have requested an opinion of this office. You state that the Audubon Park Commission has entered into a contract with the Audubon Institute, a private non-profit corporation, which operates the New Orleans Zoological Gardens and the Aquarium of the Americas.
The Institute would like to retain you under a contractual agreement, as Director of Operations for the Aquarium. The Commission formed the Institute for the purposes of operating and maintaining the Aquarium.
We are enclosing a copy of an opinion of this office, 88-618, to the Honorable Michael McCleary, State Representative, which deals with an almost identical set of facts.
Consistent with our earlier opinion it is the opinion of this office that if the relationship between you and the Institute is one of contract rather than "employment" as defined in R.S. 42:62(3), the provisions of the Dual Officeholding Statute are not violated.
Thus, it is the opinion of this office that you may legally enter into a contract individually with the Audubon Institute to perform contractual consulting services for the Aquarium of the Americas because such a contractual relationship will not result in an "employment" as defined by the Louisiana Dual Officeholding Law. *Page 2 
Trusting that the foregoing sufficiently answers your inquiry, I remain
 Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: _________________________ KENNETH C. DEJEAN Chief Counsel
 KCDKENNETH C.
 DEJEA:mac
 Enclosure *Page 1 
April 7, 1980
OPINION NUMBER 80-413
78 . . . Officers-Dual Officeholding
22-B . . . Education Colleges and Other Higher Education
10-A . . . State Employees and Dependants
Full time or part time state employees may not also be employed by branch of Federal government.
State employee may serve as independent contractor to Federal Government establishment.
 Mr. James R. Patin Vice Chancellor for Business Affairs Louisiana State University Medica1 Center 1440 Canal Street — Suite 1510 New Orleans, Louisiana 70112
Dear Mr. Patin:
In your letter of March 20, 1980, you requested an opinion clarifying Act 700 of 1979; the comprehensive dual officeholding provision. Specifically you asked if:
 1. Faculty members of the LSU Medical Center may be full-time or part-time employees of the Veterans Administration Medical Center?
 2. Faculty members of the LSU Medical Center may receive consultation income from Veterans Administration?
 3. Part-time university employees may be employed full-time by Veterans Administration?
The Veterans Administration is an independent establishment in the executive branch of the federal government. Congress created the Veterans Administration by statute, 38 USC 201, to deal with laws which provide benefits for veterans.
The Louisiana State University is within the executive branch of state government. *Page 2 
Dual officeholding prohibitions are provided for in R.S. 42:63. Subsection (A) of the statute states in part:
 "No person holding. . . . employment in any of the branches of state government. . . . shall at the same time hold. . . . employment. . . . in the government of the United States . . ."
 Employment is defined in R.S. 42:62(3) as
 ". . . any job compensated on a salary or per diem basis other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof."
In answer to your first question, faculty members of the Louisiana State University Medical Center may not also serve as full-time or part-time employees of the Veterans Administration. The faculty members hold employment in state government and therefore, on the basis of R.S.42:63(A), they may not also hold employment in Veterans Administration which is established in a branch of the federal government.
As to your second question, faculty members of the Louisiana State University Medical Center may receive consultation income from Veterans Administration if the consultant is acting as an independent contractor rather than as an employee of the Veterans Administration. Such a relationship is beyond the scope of the dual officeholding provisions. Attorney General's Opinion Number 79-1440 supported this contention and cited factors indicating the presence of the independent contractor/employee relationship. The opinion stated:
 "An independent contractor, as opposed to a servant (employee), usually contracts to do a specific amount of work according to his own methods. The employer exerts little control over the actions of the independent contractor. *Page 3 
Mode of payment is not decisive in determining whether an employee is actually an independent contractor, though payment by the job indicates the existence of an independent contractor/employee relationship."
These factors do not constitute the sole criteria in ascertaining the presence of an independent contractor/employee relationship.
However, they provide proper guidelines for consideration in determining whether the Louisiana State University faculty member is acting as an independent contractor or employee with respect to the Veterans Administration.
Question three must receive the same answer as question one. Revised Statute 42:63(A) makes no distinction between full time and part-time state employment. A state employee may not also be employed in a branch of the federal government.
In conclusion, dual officeholding provisions prohibit full-time and part-time employees of the state from simultaneously holding employment in a branch of the federal government. There are no relevant statutory exceptions to this prohibition. Revised Statute 42:63(B) allows an employee of an educational institution to simultaneously hold an elective or appointive office. However, this exception is inapplicable to the present opinion which relates only to employment possibilities. Prohibited dual officeholding does not arise if the state employee is merely acting as an independent contractor for the Veterans Administration.
 Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: _________________________ KENNETH C. DEJEAN ASSISTANT ATTORNEY GENERAL
 KCD:lg *Page 1 
May 13, 1999
OPINION 99-5
78 DUAL OFFICEHOLDING
61-B LAWS
LSA-R.S. 39:1498(4)
LSA-R.S. 39:1498.2
LSA-R.S 42:61
State university employees are prohibited from entering into a consulting or professional services contract with state executive branch agencies, absent circumstances warranting applicability of exception provided by law.
 Capt. Milton M. Crager LSUMC University Police 1501 Kings Highway Shreveport, LA 71130
Dear Capt. Crager:
In response to your inquiry of recent date, we find the contractual prohibitions set forth in LSA-R.S. 39:1498(4) to be applicable. The statute provides, in pertinent part:
§ 1498. Approval of contract; penalties
 A. Before approving a proposed contract for professional, personal, consulting, or social services, the director of the office of contractual review or an assistant shall have determined that:
 * * * (4) No current state employee will engage in the performance of the proposed contract except as provided for in LSA-R.S. 39:1498.2.
You, as a state employee, may not contract[1] with a state executive branch agency. The Louisiana State Board of Private Investigator Examiners, created by LSA-R.S. 37:3504, is within the Department of Safety and Corrections, which is defined as an executive branch of state government by LSA-R.S. 36:4(A)(8):
 4. Structure of executive branch of state government
 A. In accordance with the provisions of Article IV, Section 1 and Article XIV, Section 6 of the Constitution of Louisiana, all offices, boards, commissions, agencies, and instrumentalities of the executive branch of state government, whether constitution or statutory, and/or their functions, powers, duties, and *Page 2 responsibilities shall be allocated, either in the Act by which this Title was created or by legislation enacted subsequent thereto, within the departments listed in this Section, except as provided in Subsections B and C hereof, and in order to comply with this constitutional mandate, the agencies of the executive branch of state government hereinafter enumerated, whether heretofore created by the constitution or by statute, and/or their functions, powers, duties, and responsibilities are allocated, in the manner hereinafter set forth in this Title, within the following designated departments:
 * * * (8) Department of Public Safety and Corrections
(Emphasis added).
Thus, a state employee employed by the LSU System is precluded from entering into a professional services contract with a board created within a state executive branch agency[2] unless the state employee falls within the exceptions of LSA-R.S. 39:1498.2.[3] Our review *Page 3 
indicates that you do not fall within the exception, and we therefore conclude that such an arrangement is prohibited by law. In accord is Attorney General Opinion 91-249, attached.
However the Dual Officeholding and Dual employment Laws, R.S. 42:61, et seq., prohibit only the simultaneous holding of two full-time state employments. R.S. 42:63(E) provides:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The law does not prohibit one from holding a full-time state employment and a part-time state employment, as defined by state law.[4] Thus, if you held part-time employment with the board, *Page 4 
as opposed to a contractual relationship, then the prohibition of R.S.39:1498 would be removed.
The foregoing conclusions are issued absent a review of civil service regulations which might be applicable to you in your university employment. Further, no examination of the Code of Governmental Ethics has been made, as those questions are appropriately within the jurisdiction of the Louisiana Ethics Commission.
 Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:ams
[1] The following statutory definition of "contract" is found within the provisions of R.S. 39:1484(5):
 (5) "Contract" means every type of state agreement, including orders and documents purporting to represent grants, which are for the purchase or disposal of supplies, services, construction, or any other item. It includes awards and notices of award; contracts of a fixed price, cost, cost-plus-a-fixed-fee, or incentive type, contracts providing for the issuance of job or task orders, and letter contracts. It also includes contract modifications with respect to any of the foregoing.
[2] R.S. 37:3504 pertinently provides:
 § 3504 Louisiana State Board of Private Investigator Examiners; creation; qualifications; domicile; terms of office; confirmation; oath of office; compensation
 A. The Louisiana State Board of Private Investigator Examiners is hereby created within the Department of Public Safety and Corrections. The board shall be a body corporate and may sue and be sued.
 B. The board shall be composed of seven members appointed by the governor. . . . . .
 ***** C. The board shall be domiciled in Baton Rouge and may meet at such other locations in the state as may be determined by the board.
 D. Each member shall serve at the pleasure of the governor. Each appointment by the governor shall be submitted to the Senat for confirmation.
 E. Any vacancy on the board caused by the death, resignation, or disability of a member shall be filled by appointment by the governor. A person appointed to fill a vacancy on the board shall possess the same qualifications and residency requirements as the person whose position on the board is being filled by the appointment.
 F. Each member of the board shall receive a certificate or commission from the governor and before beginning his term of office shall file with the secretary of state a written oath or affirmation for faithful discharge of his official duties.
[3] Included herein is the entirety of R.S. 39:1498.2, providing:
 § 1498.2 Professional, personal, and consulting service contracts with state employees.
 A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulations adopted by the office of contractual review. No such faculty member, except those who are also employed by private firms may contract for the design or redesign of a state-owned facility in which the services of a professional architect or engineer, or both, are required.
 B. Additionally, each professional, personal, consulting, and social service agreement between a governmental body as defined in R.S. 39:1484(11) and a faculty member of any state college or state university shall be subject to the policies and procedures promulgated by each respective state college and university and the management boards having authority over the respective institution of higher education in which the faculty member is a member of the Board of Regents. Notwithstanding any other provision of law, each such agreement shall be subject to the written approval of the president of the college or university which employs the faculty member, and written notification of agreement and approval shall be given to the appropriate management board.
 C. The list of occupations exempted in this Section from the Provisions of R.S. 39;1498(4) may be increased by rules adopted by the office of contractual review.
 D. Notwithstanding any other provisions of law to the contrary, the Louisiana School for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the school to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid.
 E. Notwithstanding any other provisions of law to the contrary, the Louisiana Commission for the Deaf is hereby authorized to enter into professional, personal, consulting, and social services contracts with an employee of the commission to provide sign language and interpreting services which are independent of the employee's assigned duties and regular work hours, and for which compensation may be paid; however, such contract is authorized only if a person who is not an employee of the commission is unavailable for such services.
[4] (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state or of a political subdivision thereof.
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.